IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30680
Summary Calendar

_____


LISA ALACK PETERS; MICHELLE WINTERSTEIN, Through her next friend,
Lisa Alack Peters; JOSEPH WINTERSTEIN

                    Plaintiffs-Appellees

        v.

CONNIE LOWREY; ET AL

                    Defendants


CRAIG ANDREWS, Office of Community Services Worker, Individually
and in his Official Capacity; DALE FRAZIER, Office of Community
Services Supervisor, Individually and in his Official Capacity;
THOMAS HALL, Office of Community Services Supervisor, Individually
and in his Official Capacity

                    Defendants-Appellants


_____

        Appeal from the United States District Court
           for the Eastern District of Louisiana
                    (94-CV-2738-J-4)
_____
                    May 6, 1997
Before KING, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

1

Lisa Alack Peters, Michelle Winterstein, and Joseph Winterstein brought a suit under 42 U.S.C. § 1983, claiming that their Fourth, Eighth, and Fourteenth Amendment rights had been violated by various state employees during a child abuse investigation. Craig Andrews, Dale Frazier, and Thomas Hall, employees of the Office of Community Services, asserted the defense of qualified immunity in their answer and in a motion for summary judgment. They now appeal the district court's interlocutory order denying their motion to stay discovery and denying their motion for review of the magistrate judge's order requiring them to comply with discovery. We vacate the district court's denial of the defendants' motion to stay discovery and remand for further proceedings.

## I. BACKGROUND

A. *Statement of Facts*

On August 24, 1992, Peters and Winterstein discovered that Michael Alack, their eight-month old child, had a skull injury. He had recently returned home from the house of Evelyn McKnight, one of two babysitters used by the family. The parents took Michael to the hospital and learned that he had a fractured skull. The parents believed the injury must have occurred in their home. Approximately one month later, Michael returned home from the same babysitter with another injury to his skull. Multiple skull fractures were diagnosed at the hospital.

2

At that point, a child abuse investigation was opened by the Tangipahoa Parish Sheriff's Department and the Office of Community Services ("OCS") of Tangipahoa Parish. Peters alleges that Connie Lowery, an investigator for the Sheriff's Department, made a series of false, intimidating, and malicious statements and threatened to put her in jail and that the defendants relied upon false and misleading information, ignored pertinent and crucial facts, and failed to conduct a competent investigation. Peters alleges that Lowery and Craig Andrews, a social worker at OCS, told her that she was required to use McKnight as a babysitter, and that she should not let her neighbor and friend, Sandra Morgan, babysit Michael.

On Christmas day, Peters and her family attended a party at her sister's house. A videotape taken at that time and witness testimony confirm that Michael was healthy and playing normally that day. That evening, Peters allowed Michael and her eighteen-month old daughter Michelle to visit Morgan's house and stay overnight.

On December 26, McKnight picked up Michelle and Michael from Morgan's house, with Peters' permission, and took them to her house to stay overnight. Peters called McKnight the next morning to see how the children were doing. McKnight told Peters that Michelle was playing, but Michael was still asleep. Peters became alarmed because Michael usually did not sleep past 7:00 a.m., so she instructed McKnight to bring both children home

3

immediately.  Instead, McKnight took Michael to the hospital, where he was diagnosed as being brain dead.  Michael died on December 29.

An investigation ensued, and Michelle was removed from her parents and placed in foster care for sixteen months.  In spite of the existence of the video tape, witness testimony, and the parents' request that they be given lie detector tests, Peters and Winterstein were arrested and imprisoned on charges of cruelty to a juvenile and second degree murder.  They were not allowed to visit their son in the hospital before his death, and they were denied access to information regarding his medical condition.  They remained in prison for approximately eight months, until they were released by the issuance of a "No True Bill" by the Tangipahoa Parish Grand Jury.

Following the death of another infant, who had reportedly been kidnapped, McKnight was arrested on July 21, 1994, for obstruction of justice and being an accessory after the fact.  Peters claims that the death of the other child led to the revelation that McKnight caused Michael's head injuries and gave false statements regarding his death.

B. *Procedural History*

In August 1994, Peters, Michelle Winterstein, and Joseph Winterstein (collectively "the Peters family") filed a civil rights action under 42 U.S.C. § 1983 against Sheriff J. Edward

4

Layrisson, Connie Lowery, an investigator for cases involving juveniles for the Tangipahoa Parish Sheriff's Department, Craig Andrews, a social worker investigating child abuse for the Office of Community Services of Tangipahoa Parish, and Dale Frazier and Thomas Hall, OCS supervisors with responsibility for child abuse investigations and foster care placements. The Peters family alleged that the defendants violated the Fourth, Eighth, and Fourteenth Amendments and the laws of Louisiana. Their complaints include malicious prosecution, wrongful arrest and imprisonment, wrongful placement in foster care and with McKnight, harassment, and intimidation, which resulted in pain, anguish, and the wrongful death of Michael Alack. They also alleged that Layrisson, Frazier, and Hall were responsible under a theory of respondeat superior because they had a policy, custom, practice, and procedure of negligently and inadequately hiring, training, supervising, and retaining employees, particularly Lowery and Hall, and because they had condoned Lowery and Hall's handling of the case.

Layrisson and Lowery filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss in March 1995, asserting that there is no vicarious liability under the Civil Rights Act, the plaintiffs did not allege that they were arrested without probable cause, Layrisson and Lowery were entitled to qualified and absolute immunity, they were protected by sovereign immunity, the plaintiffs claims were time-barred, and the district court lacked subject matter

5

jurisdiction. Andrews, Hall, and Frazier also filed a Rule 12(b)(6) motion to dismiss, asserting that the action against them was time-barred and that it was barred by the Eleventh Amendment.

In September 1995, the district court, Judge Okla Jones II, ruled that the state law claims were time-barred and granted the motion to dismiss them; however, the district court denied the motion to dismiss the remaining claims, ordered that they be pleaded with specificity in an amended complaint, and ordered limited discovery on the issue of immunity. The court set a discovery deadline of July 5, 1996, and set a pretrial conference for August 5, 1996.

Layrisson and Lowery filed an answer in November 1995. Andrews, Frazier, and Hall filed an answer in January 1996 and a motion for summary judgment in June 1996, asserting the defense of qualified immunity in both.

Also in June 1996, Andrews, Frazier, and Hall filed a motion to quash the plaintiffs' "Notice of Deposition" and a motion for a protective order on the grounds that the assertion of qualified immunity entitled them not to be burdened with avoidable or overly broad discovery and that the plaintiffs had failed to allege a constitutional violation. The magistrate judge denied the motion to quash and the motion for a protective order because the defendants' motion for summary judgment was not set for hearing until after the discovery deadline. The judge also noted

6

that Andrews, Frazier, and Hall had not raised their qualified immunity defense in their motion to dismiss filed in March 1995 and had waited until June 1996 to file a motion for summary judgment on the issue.

Andrews, Frazier, and Hall filed a motion to set aside the magistrate judge's order, a request for an expedited hearing, and a motion to stay discovery. The district court, Judge Patrick Carr,[1] denied their motions on the grounds that similar immunity defenses had already been presented by these defendants and had been denied by Judge Jones. Andrews, Frazier, and Hall filed a timely notice of appeal. This court denied a motion for a stay of discovery pending appeal.

## II. DISCUSSION

*A. Jurisdiction*

The Peters family alleges that this court does not have jurisdiction to hear this "very premature interlocutory appeal." We disagree. While orders compelling limited discovery are interlocutory and not appealable under the final judgment rule in most circumstances, Lion Boulos v. Wilson, 834 F.2d 504, 506 (5th Cir. 1987), the Supreme Court has held that orders denying substantial claims of qualified immunity are immediately appealable under the collateral order doctrine. Mitchell v. Forsyth, 472 U.S. 511, 526-27 (1985). Thus, when a discovery

---

[1]After Judge Jones' death, the case was reassigned to Judge Carr.

order denies a state employee the benefits of the qualified immunity defense, we have jurisdiction to review the order. Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 994 (5th Cir.), cert. denied, 115 S. Ct. 2555 (1995).

In Lion Boulos, we held that a party asserting the defense of qualified immunity is not immune from all discovery, but is only immune from that discovery which is "avoidable or overly broad." 834 F.2d at 507. Thus, an order for limited discovery in the appropriate circumstances is not immediately appealable. Wicks, 41 F.3d at 994. Before even limited discovery begins, however, the district court must find that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity. Id. To overcome the qualified immunity defense, the plaintiff must allege specific facts which, if true, would demonstrate that the defendant violated clearly established statutory or constitutional rights. Id. at 995.

In their motion to dismiss for failure to state a claim, Andrews, Frazier, and Hall did not raise the defense of qualified immunity. The district court denied their motion on the ground that the Eleventh Amendment did not apply to them, but did not make any determination as to whether the Peters family's allegations, if true, would overcome any qualified immunity defense the defendants might raise.

Andrews, Frazier, and Hall raised the defense of qualified immunity in their answer and motion for summary judgment. They

8

also filed a motion to quash a notice of deposition, which was denied by the magistrate judge without a determination as to whether Peters had asserted specific facts to overcome a qualified immunity defense.

The district court denied motions to review the magistrate judge's order and to stay discovery because Andrews, Frazier, and Hall had presented similar issues to Judge Jones, who denied the motion to dismiss. In fact, Judge Jones only addressed Layrisson and Lowery's qualified immunity defense because Andrews, Frazier, and Hall had not raised a qualified immunity defense at that time.

The district court has never determined that the Peters family has asserted facts that would overcome a qualified immunity defense. "The allowance of discovery without this threshold showing is immediately appealable as a denial of the true measure of protection of qualified immunity." Wicks, 41 F.3d at 995. Therefore, we have jurisdiction to hear this appeal.

*B. Analysis*

Our inquiry must focus on whether the allegations in the Peters family's complaint negate the defendants' defense of qualified immunity. The Peters family alleges that the defendants failed to conduct a competent investigation because they relied on false and misleading information, ignored and

9

failed to investigate crucial facts, did not administer lie detector tests, and failed to determine the identity of the perpetrator of the child abuse.  As a result of the investigation into Michael's death, Michelle was placed in foster care.  The Peters family also alleges that Andrews told her not to allow Morgan to babysit Michael and to leave him only with McKnight.  The Peters family claims that Frazier and Hall were responsible for the harm because OCS has a policy, custom, practice, and procedure of inadequately hiring, training, supervising, and retaining employees, and condoning the malicious handling of cases.

The Peters family's complaint against these defendants does not implicate the constitutional guarantees at issue.  There is no clear allegation against the social workers of a violation of either the Fourth or the Eighth Amendment.[2]  As to the Fourteenth Amendment, the Peters family does not indicate whether they are alleging a procedural or substantive due process violation.  To the extent that the Peters family is asserting a liberty interest in family integrity, see generally, Doe v. Louisiana, 2 F.3d 1412 (5th Cir. 1993)(recognizing a constitutional right of family integrity), they do not allege that they were deprived of a

---

[2]The Fourth and Eighth Amendment claims make more sense in the context of the allegations against Sheriff Layrisson and Lowery. We note that the district court found that the Peters family had met the threshold showing in their allegations against Layrisson and Lowery and allowed limited discovery to address their immunity defense.

liberty interest without procedural due process.  Moreover, although a substantive due process right to family integrity has been recognized, the contours of the right are nebulous and not clearly established in the context of the state taking temporary custody of a child.  See Kiser v. Garrett, 67 F.3d 1166, 1171-73 (5th Cir. 1995).  Thus, the Peters family has not alleged facts with sufficient specificity to negate the defense of qualified immunity.

## III. CONCLUSION

For the foregoing reasons, we VACATE the denial of the motion to stay discovery and REMAND the case for further proceedings.